UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:                                                        Case No: 24-43693-jmm

MOUNTAINS OF SABER, LLC,[1]                                   Chapter 11

    Debtor.

---

### MOTION TO EXCUSE COMPLIANCE BY RECEIVER WITH 11 U.S.C. §543

David Scop ("Movant") as appointed Receiver for the Debtor's property by order of the New York State Supreme Court (the "State Court") dated June 20, 2023 in the case titled *Kamal Alsaidi, individually and derivatively on behalf of Mountains of Saber, LLC v. Ali Alsaidi, et al.*, Index No. 512191/2020, hereby files this Motion for entry of an Order excusing compliance with Sections 543(a), (b) and (c) of the Bankruptcy Code (the "Motion"). In support of the Motion, Movant respectfully alleges as follows:

### Background

1.     The background facts resulting in Movant's appointment as receiver are more fully set forth in the Declaration of Dr. Kamal Alsaidi dated October 14, 2024 (the "Alsaidi Declaration"), filed in support of his motion to appoint a chapter 11 Trustee in this Bankruptcy Case, which Declaration is incorporated by reference as if set forth her in full, and in Movant's Declaration of even date herewith (the "Scop Declaration").

2.     On September 5, 2024 (the "Petition Date"), Debtor commenced a voluntary petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The

---

[1] (Federal Tax Id. No. xx-xxx 4557).

Debtor is currently operating the business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case, although up to the filing of this Bankruptcy Case, the Debtor was operating by and through Movant as Receiver appointed by the State Court.

3.  Briefly, Movant, a panel receiver who had no prior experience with Debtor's commercial real property known as 797-815 Stanley Avenue, Brooklyn NY (the "Property"); the members of the Debtor, including Kamal Alsaidi, Abdo Alsaede, Abdo Nasser and his brother Ahmed Nasser; or with Ali Alsaede, was appointed to manage the Property and to commence litigation as necessary to fulfill this obligation, hire a CPA to ensure that prior and ongoing tax filings are accurate. Scop Declaration, ¶ 5; *see also* Receiver Order, annexed as Exhibit 6 to the Declaration of Michael T. Conway, dated October 14, 2024 (the "Conway Declaration), which is incorporated herein by reference as if set forth in full.

4.  Upon assumption of Movant's duties as Receiver he was faced with the task of taking a completely run down property which needed substantial repairs, including a potentially catastrophic roof failure and rotting/collapsing floors, which he did within the confines of the funds available (spending approximately $280,0000 so far). The available funds would have been greater, but for the fact that Ali Alsaede misappropriated substantial funds, even in the face of the State Court Order enjoining him from taking such rents from the Property, and because several tenants refused to pay resulting in the filing of eight landlord/tenant actions. Scop Declaration, ¶ 6.

5.  Movant was able to increase rents at the Property and lease two vacant spaces increasing income at the Property. He also has collected unpaid rents after the above-referenced

landlord/tenant actions against delinquent tenants resulted in some payments. Scop Declaration, ¶ 7.

6. While it is true that Movant has not resolved the property tax obligation owed by the Property, this is primarily based on the repeated refusal on the part of Ali Alsaede and his counsel to assist by providing documents, as well as the necessary login and password associated with the account as requested. Movant has indicated a desire to work out a payment plan with the NYS Department of Finance once authority has been given to discuss the account, but in any event, funds are not available yet to pay the tax obligation, believed to currently be in the amount of approximately $130,000, in full. Movant has confirmed that there was no pending tax lien foreclosure as suggested by Ali Alsaede, nor has notice of a potential tax lien foreclosure been issued. Scop Declaration, ¶ 8.

7. Recently, Movant received a report from the CPA he hired (Movant was only able to do this in June 2024 due to a lack of funds in the Receivership estate to pay the CPA's retainer) showing what appears to be more than $1 million in funds improperly taken from the Property by Ali Alsaede. While this was not what the CPA was initially hired to do, in reviewing the records to determine whether the prior and ongoing tax filings are accurate, he found that Ali Alsaede had been misappropriating funds that impact these tax filings, so I asked him to detail his findings in a report. Scop Declaration, ¶ 10. A true and correct copy of this report from the CPA is annexed to the Scop Declaration as Exhibit 1.

8. Moreover, over the past several weeks the tenants at the Property have been calling me to complain about being harassed by Ali Alsaede and there is no reason to believe this will not continue if he is allowed any management authority of any kind relating to the Property. Scop Declaration, ¶ 10.

9. Currently, Movant is holding $79,064.31 on behalf of the Debtor, but is reluctant to place these funds into the hands of the very person who put the Property is such a precarious position and whom the State Court has already removed as the Debtor's property manager for the reasons set forth in the Alsaidi Declaration. Scop Declaration, ¶ 11.

### Relief Requested

10. By this motion, the Movant requests to be relieved of the obligation to deliver property under his control pursuant to 11 U.S.C. § 543(d) of the Bankruptcy Code.

### Basis for Relief

11. Section 543(d) of the Bankruptcy Code permits a bankruptcy court to excuse a receiver from complying with the requirement of Section 543(b) to deliver property under the receiver's control to the debtor in possession. The relevant statutory sections provide:

(b) A custodian shall --

    (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

    (2) file an accounting of any property of the debtor, or proceeds, product, offspring rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

    * * *

(d) After notice and hearing, the bankruptcy court-

    (1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property.

11 U.S.C. § 543.

12. Thus, Section 543(d)(1) essentially acts as a modified abstention provision, permitting a receiver to remain in possession, custody, or control of property if it serves the interest of creditors. *See, e.g., Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (E.D.N.Y. 1994); *In re Constable Plaza Assoc., L.P.*, 125 B.R. 98, 103 (Bankr. S.D.N.Y. 1991); *In re Polar Springs Apts. of Atlanta, Ltd.*, 103 B.R. 146, 150 (S.D. Ohio 1989).

13. In determining whether to excuse the turnover requirements of Section 543(b), courts often look to the following, non-exhaustive list of factors: (1) the sufficiency of income to fund a successful reorganization; (2) the likelihood the debtor will use the turnover property for the benefit of creditors; (3) any mismanagement by the debtor; and (4) the presence or absence of avoidance issues with respect to the property retained by the debtor. *See In re Constable Plaza Assoc., L.P.*, 125 B.R. at 103 (collecting cases); *In re CCN Realty Corp.*, 19 B.R. 526, 529 (Bankr. S.D.N.Y. 1982) (denying turnover motion where evidence of debtor's mismanagement of operations was present); *see also In re Dill*, 163 B.R. at 226 (collecting cases where receiver excused from turnover requirement based on the prior neglect and/or mismanagement by the debtor). The sole concern of this analysis is the interest of creditors, and a court may excuse compliance with a turnover order even if all factors resolve in favor of a debtor. *See In re Polar Springs Apartments*, 103 B.R. at 150 (granting motion to excuse compliance with turnover requirement).

14. Excusing compliance with Section 543 is in the interests of creditors in this case. Several reasons compel this conclusion. First, prior to the Movant's appointment as Receiver, the Property was run down to the point of being a danger to the tenants and those visiting the Property. It got to this state under the watch of Ali Alsaede, the purported CRO of the Debtor now. Moreover, none of the tenants at the Property were paying rent when the Movant became Receiver and the

fact that Ali Alsaede is now harassing these tenants is likely to make them stop paying rent once again. Perhaps most importantly, putting these funds under the control of the same person who appears to have been using the Propery's income as a personal piggy bank presents risk for all estate creditors and equity holders.

15. Since Movant took over management of the Property, Ali Alsaede has refused all efforts to comply with the Receiver Order including going so far as to continue taking funds from the Debtor, ultimately resulting in an order from the state court dated December 21, 2023 which found Ali violated the Receiver Order by improperly taking funds (and attempting to take $62,000 but was prevented from doing so by Mr. Scop) and ordered Ali to return more than $57,000 to the Receiver, which he has still not done. Scop Declaration, ¶ 12. A true and correct copy of the state court's December 21, 2023, Order is annexed to the Conway Declaration as Exhibit 7.

16. The Receiver is only just now after more than a year of overseeing the Property, at a point where things have been stabilized and changing the status quo will run the risk of substantial harm to the estate.

## Conclusion

17. For the foregoing reasons, Movant respectfully requests that this Court enter an Order excusing compliance by the Receiver for the Mortgaged Property with Sections 543(a), (b) and (c) of the Bankruptcy Code, both pending the hearing on the Motion and for the duration of this bankruptcy case, or until a Trustee has been appointed to replace the Receiver.

WHEREFORE, Movant respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.


Dated: Brooklyn, New York
       October 14, 2024

By: _____
    David Scop

Law office of David Scop, esq.
4318 18th Ave
Brooklyn, NY 11218
[718-437-6155]
mountainofsaberllcreceiver@gmail.com

Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | Case No: 24-43693-jmm |
| MOUNTAINS OF SABER, LLC,[1] | Chapter 11 |
| Debtor. | |

_____

**[PROPOSED] ORDER GRANTING MOTION
TO EXCUSE COMPLIANCE BY RECEIVER WITH 11 U.S.C. §543**

Upon the motion of David Scop ("Movant"), as appointed Receiver for the Debtor's property by order of the New York State Supreme Court dated June 20, 2023 (the "Receiver Order") in the case titled *Kamal Alsaidi, individually and derivatively on behalf of Mountains of Saber, LLC v. Ali Alsaidi, et al.*, Index No. 512191/2020, for entry of an Order excusing compliance with Sections 543(a), (b) and (c) of the Bankruptcy Code (the "Motion"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the relief requested in the Motion; and upon the record and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is GRANTED for the reasons set forth on the record in this matter; and it is further

**ORDERED** that The Receiver shall be, and hereby is, excused from complying with

---

[1] (Federal Tax Id. No. xx-xxx 4557).

1

Section 543 of the Bankruptcy Code and shall be, and hereby is, authorized to continue to act as Receiver pursuant to the Receiver Order.

**ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2024, a copy of the foregoing **MOTION TO EXCUSE COMPLIANCE BY RECEIVER WITH 11 U.S.C. §543** was served on all parties of record via CM/ECF.

Dated: October 14, 2024

_____
David Scop
Law office of David Scop, esq.
4318 18th Ave
Brooklyn, NY 11218
[718-437-6155]
mountainofsaberllcreceiver@gmail.com