UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:                                                    Case No: 24-43693-jmm

MOUNTAINS OF SABER, LLC,[1]                               Chapter 11

Debtor.

---

## DECLARATION OF DAVID SCOP

DAVID SCOP, Esq. hereby declares pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney, as well as the state court appointed Receiver in the new York State Supreme Court case entitled: *Kamal Alsaidi, individually and derivatively on behalf of Mountains of Saber, LLC v. Ali Alsaidi, et al.*, Index No. 512191/2020 (the "State **Court** Action")

2. This Declaration is filed in support of the October 14, 2024, motion of Kamal Alsaidi for an order appointing a chapter 11 Trustee in this Bankruptcy Case (the "Trustee Motion"), as well as in support of my October 14, 2024, motion to excuse compliance with 11 USC § 543 (the Section 543 Motion").

3. I was appointed as Receiver in the State Court Action based on a finding of impropriety on the part of Ali Alsaedi, and Mr. Alsaede was thereafter removed as property manager for the commercial real property known as 797-815 Stanley Avenue, Brooklyn NY (the "Property").

4. A true and correct copy of the order appointing me (the "Receiver Order") is annexed to the Declaration of Michael T. Conway in support of the Trustee Motion (the "Conway

---

[1] (Federal Tax Id. No. xx-xxx 4557).

Declaration") as Exhibit 6.

5. I am a panel receiver who had no prior experience with Debtor's commercial real property known as 797-815 Stanley Avenue, Brooklyn NY (the "Property"); the members of the Debtor, including Kamal Alsaidi, Abdo Alsaede, Abdo Nasser and his brother Ahmed Nasser; or with Ali Alsaede, and was appointed to manage the Property and to commence litigation as necessary to fulfill this obligation, hire a CPA to ensure that prior and ongoing tax filings are accurate.

6. Upon assumption of my duties as Receiver I was faced with the task of taking a completely run down property which needed substantial repairs, including a potentially catastrophic roof failure and rotting/collapsing floors, which he did within the confines of the funds available (spending approximately $280,000 so far). The available funds would have been greater, but for the fact that Ali Alsaede misappropriated substantial funds, even in the face of the Receiver Order enjoining him from taking such rents from the Property, and because several tenants refused to pay resulting in the filing of eight landlord/tenant actions.

7. I was able to increase rents at the Property and lease two vacant spaces increasing income at the Property. I also have collected unpaid rents after the above-referenced landlord/tenant actions against delinquent tenants resulted in some payments.

8. While it is true that I have not resolved the property tax obligation owed by the Property, this is primarily based on the repeated refusal on the part of Ali Alsaede and his counsel to assist by providing documents, as well as the necessary login and password associated with the account as requested. I have indicated a desire to work out a payment plan with the NYS Department of Finance once authority has been given to discuss the account, but in any event, funds are not available yet to pay the tax obligation, believed to currently be in the amount of

approximately $130,000, in full. I have also confirmed that there was no pending tax lien foreclosure as suggested by Ali Alsaede, nor has notice of a potential tax lien foreclosure been issued.

9. Recently, I received a report from the CPA I hired (I was only able to do this in June 2024 due to a lack of funds in the Receivership estate to pay the CPA's retainer) showing what appears to be more than $1 million in funds improperly taken from the Property by Ali Alsaede. While this was not what the CPA was initially hired to do, in reviewing the records to determine whether the prior and ongoing tax filings are accurate, he found that Ali Alsaede had been misappropriating funds that impact these tax filings, so I asked him to detail his findings in a report. A true and correct copy of this report from the CPA is annexed hereto as Exhibit 1.

10. Moreover, over the past several weeks the tenants at the Property have been calling me to complain about being harassed by Ali Alsaede and there is no reason to believe this will not continue if he is allowed any management authority of any kind relating to the Property.

11. Currently, I am holding $79,064.31 on behalf of the Debtor, but is reluctant to place these funds into the hands of the very person who put the Property is such a precarious position and whom the State Court has already removed as the Debtor's property manager for the reasons set forth in the Alsaidi Declaration.

12. Since I took over management of the Property, Ali Alsaede has refused all efforts to comply with the Receiver Order including going so far as to continue taking funds from the Debtor, ultimately resulting in an order from the state court dated December 21, 2023 which found Ali violated the Receiver Order by improperly taking funds (and attempting to take $62,000 but was prevented from doing so by me) and ordered Ali to return more than $57,000 to the Receiver, which he has still not done. A true and correct copy of the state court's December 21, 2023, Order

is annexed to the Conway Declaration as <u>Exhibit 7</u>.

13. There is simply no reason to allow Ali Alsaede anywhere near the Debtor or its assets and both the Trustee Motion and the Section 543 Motion should be granted.

I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge.

Dated this 14th day of October 2024.

                                                                                David Scop

EXHIBIT 1

**State of New York**
**County of Manhattan**

**Affiant:**
I, Adam Gottlieb, a Certified Public Accountant licensed in the state of NY, being duly sworn, do hereby affirm under oath as follows:

1. **Introduction**
   I am a Certified Public Accountant with 25 years of experience in financial auditing, forensic accounting, and taxation matters. I was engaged by Mountain of Saber LLC to review and analyze its financial records, including income statements, tax filings, and financial transactions for the period from January 2015 through September 2023.

2. **Scope of Investigation**
   As part of my engagement, I conducted an extensive review of the financial records related to Mountain of Saber LLC, including the income statements, TD bank statements obtained through subpoena, general ledgers, 2 years of rent rolls, tax filings, mortgage statements and other supporting documentation for the time period of January 2015 to September 2023. The purpose of this investigation was to determine the accuracy of the financial statements, assess the possibility of financial misappropriation, tax evasion or fraud.

3. **Findings on Misappropriation of Funds**
   Upon thorough examination of the financial records, I have determined that Ali Alsaede, in his capacity as the managing agent for Mountains of Saber LLC, misappropriated funds from the LLC during the period of January 2015 through September 2023. The following discrepancies were identified:

   o Multiple unauthorized withdrawals from the company's bank account, which were not supported by legitimate business expenses. This table shows some of these transactions from 2015 to 2019.

   o

COHEN & GOTTLIEB CPA P.C.
275 Madison Avenue, Ste 1718, New York, NY 10016 | Tel: 212.674.1985 | Fax: 212.673.6294 | www.cohengottliebcpa.com



| Year | Transfer to Ali's checking or Saving acct | Payment to unknown credits | Debit transactions | Ali's fees as reported in P & L |
|---|---|---|---|---|
| 2015 | $20,000.00 | $5,966.94 | $68,500.00 | $32,937.58 |
| 2016 | $33,500.00 | $7,750.00 | $46,500.00 | $31,414.00 |
| 2017 | $112,620.00 | $40,019.37 | $6,500.00 | $30,618.94 |
| 2018 | $142,162.00 | $42,240.56 | $22,500.00 | $31,703.16 |
| 2019(Jan-June) | $31,215.71 | $50,966.05 | $27,625.00 | $16,006.94 |

- Around 30 to 50% of rental income reported in rent roll was not deposited to Mountains of Saber TD bank account.

| Year | Business name | Rental income in Rent Roll | Deposited to TD bank |
|---|---|---|---|
| 2020 | 99Cents | $38,500.00 | $14,000.00 |
| 2020 | MasterCraft | $26,850.00 | $8,850.00 |
| 2020 | Jeffery Stein | $64,800.00 | $27,000.00 |
| 2020 | Baba Lokoneth | $50,052.00 | $24,696.00 |

- Falsified income statements that were used to justify the diversion of funds.
- 
- Based on available records, it is my professional opinion that the total amount misappropriated from Mountain of Saber until September 30,2023 is approximately **$1,096,570.89**.

- 

4. **Loss of Property Records**

Ali Alsaede's assertion that property records including all leases and mortgage records have been lost raises significant concerns, as proper recordkeeping is fundamental for financial transparency and tax compliance. The lack of property records creates a substantial red flag, indicating a failure to maintain accurate documentation of the property's financial condition and ownership structure, which is critical for both financial audits and tax filings. See affidavits of Ali Alsaede managing agent and Abdo Alsaede managing-member.

5. **Inconsistencies in Income Statements**
Upon reviewing the income statements provided by Ali Alsaede for the period from January 2015 through June 2019, I found significant discrepancies



### 5. Inconsistencies in Income Statements

Upon reviewing the income statements provided by Ali Alsaede for the period from January 2015 through June 2019, I found significant discrepancies between the reported income and the actual income generated by Mountain of Saber. Specifically:

- The reported income figures provided by Mr. Alsaede were substantially lower than the actual income based on the analysis of bank deposits, sales records, and other verifiable sources of revenue. Here are samples to compare income in the bank compared to P&L statements.

| Year | Actual bank deposit | Reported in P & L | Difference |
|---|---|---|---|
| 2015 | $449,035.84 | $332,208.00 | $116,827.84 |
| 2016 | $392,722.48 | $323,555.00 | $69,167.48 |
| 2017 | $340,236.23 | $310,325.00 | $29,911.00 |
| 2018 | $423,000.08 | $328,253.00 | $94,747.08 |
| 2019(Jan-Jun) | $192,479.48 | $166,782.26 | $25,697.22 |

- Certain revenue streams and transactions appear to have been either omitted or underreported in the income statements.
- An affidavit claimed that the property was 100% rented, yet the rent roll analysis showed that nearly all stores were behind in rent payments. This contradiction points to either mismanagement of the property or misrepresentation of the property's financial health.
- As a result of these discrepancies, the financial statements provided by Mr. Alsaede do not accurately reflect the financial position of Mountain of Saber LLC for the period in question.

### 6. Incorrect Tax Filings

In addition, I have reviewed the tax returns filed for Mountain of Saber for the period from Year 2019 to Year 2022, and it is my professional opinion that the tax filings are inaccurate and do not represent the actual income and expenses of the company. My findings include:

- The income reported on the tax returns is inconsistent with the actual income as identified through the financial records.
- Certain expenses appear to have been either inflated or inaccurately categorized, leading to a misrepresentation of the company's taxable income.
- These inaccuracies may have led to underreporting of taxable income and incorrect tax liability for Mountain of Saber.

COHEN & GOTTLIEB CPA P.C.
275 Madison Avenue, Ste 1716, New York, NY 10016 | Tel: 212.674.1985 | Fax: 212.673.6294 | www.cohengottliebcpa.com



### 7. Conclusion
Based on my review and analysis of the financial records, I conclude that:
- Ali Alsaede engaged in the misappropriation of funds from Mountain of Saber during the period of January 2015 through June 2023.
- The income statements provided by Mr. Ali Alsaede from January 2015 through June 2019 are not consistent with the actual income and financial transactions of Mountains of Saber LLC.
- The tax returns filed during this period are inaccurate and do not accurately represent the true financial performance or tax liability of Mountains of Saber.
- The destruction or loss of financial documents—especially leases, deposit slips, ACH withdrawal records and invoices—violates standard business practices for record-keeping. These records are essential for verifying the company's income, expenses, and contractual obligations. The lack of these documents significantly hampers any effort to audit the financial status of the company.
- The absence of these records is particularly concerning because it may indicate efforts to hide assets or revenue streams. Without these documents, it becomes more difficult to trace financial transactions, identify incoming cash flow, or confirm the legitimacy of expenses. This raises the possibility that assets have been hidden to avoid their inclusion in bankruptcy proceedings.

### 8. Sworn Statement
I affirm that the above statements are true to the best of my knowledge, based on my professional examination of the financial records.

**Signed:** Adam Gottlieb CPA
September 23, 2024

*[signature]*

**Notary Public:** 23rd day
Subscribed and sworn before me on this of Sep 2024.

Notary's Signature

*[signature]*

STUART GOLDSTEIN
Notary Public, State of New York
Registration No. 01GO6018595
Qualified in New York County
Commission Expires Jan. 11, 20 27

COHEN & GOTTLIEB CPA P.C.
275 Madison Avenue, Ste 1718, New York, NY 10016 | Tel: 212.674.1985 | Fax: 212.673.6294 | www.cohengottliebcpa.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
KAMAL ALSAIDI, individually and derivatively
on behalf of MOUNTAIN OF SABER, LLC,
                 Plaintiffs/Respondents

-AGAINST-

ALI ALSAEDE AND CAPITAL A MANAGEMENT
NY INC.,, ABDO ALSAEDE, AHMED NASSER,
and ABDO M. NASSER.
                Defendants/Appellants.

MOUNTAIN OF SABER, LLC,
                Nominal Defendants.
-----------------------------------------------------------------X

INDEX NO.: 512191/2020

AFFIDAVIT

STATE OF NEW YORK     )
                                  ) SS:
COUNTY OF Richmond   )

ALI ALSAEDE, being duly sworn deposed and says:

That as to the leases for Mountain of Saber LLC, and other documents that I had in my possession, these were packed into Amazon boxes, picked up by my little brother Almgede Alsaede from Staten Island, New York, to take them to my father sometime in July 2019. I spoke to my brother in the past, and presently, who advised that he left them in front of the garage of my father's house in North Carolina, because at the time no one was home, as the family was away on vacation. I spoke to my father and my mother and everyone who was living with them, but no one saw the boxes after their arrival verification. Hence, the boxes cannot be located.

Sworn to before me
This 26 day of August, 2023

Notary:

ALI ALSAEDE

TABITHA R FUNES
Notary Public - State of New York
NO. 01FU6441108
Qualified in Richmond County
My Commission Expires Sep 19, 2026

C:\Users\Robin\Documents\1-ALTMAN LAW\A\Alsaede, Ali\affid 8-20-23.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
KAMAL ALSAIDI, individually and
derivatively on behalf of MOUNTAIN OF
SABER, LLC,

                                                                                       Index No. 512191/2020

                      Plaintiff,

            -against-                                            AFFIDAVIT

ALI ALSADE, CAPITAL A MANAGEMENT, INC.,
ABDO ALSAEDE, AHMED NASSER and
ABDO N. NASSER,

                      Defendants.
And

MOUNTAIN OF SABER, LLC,

                    Nominal Defendant.
-------------------------------------------------------------X
STATE OF NORTH CAROLINA    )
                                          ) ss.:
COUNTY OF <u>CUMBERLAND</u>     )

      ABDO ALSAEDE, being duly sworn, deposes and says:

      1.     I am a named Defendant in the above matter and have personal knowledge of the facts and circumstances set forth below.

      2.     I am a member of Mountain of Saber LLC ("the LLC") holding a 1/3 interest. I currently live in the state of North Carolina at 700 Three Wood Drive Fayetteville, NC 28312, and have resided there at all time relevant to this Affidavit.

1

3.  I have been made aware of the demands issued by a gentleman named David Scop, Esq., who I am advised, has been appointed by the Court as Receiver on June 29, 2023 of the Premises owned by the LLC. I am told Mr. Scop is seeking the leases and pertinent records relating to the LLC and the building located at 797 Stanley Ave. Brooklyn, New York. I state declaratively that I do not have any records which relate to the management or operation of the building; this includes leases or records relating to payments made by tenants.

4.  I do understand that certain records may have been sent from Brooklyn to my home in North Carolina, but I am unaware of their whereabouts, and also that I never saw any such record.

5.  I am told that my youngest son Almgede Alsaede, brought down one or two boxes which contained leases, but arrived at our home in North Carolina while I and the rest of our family was on vacation. it is my further understanding that Almgede left these records outside of our house in front of our garage which is located at the end of the driveway running from the street that we live on and is in the front of the portion of the house which faces the street.

6.  It is possible (although I have no explicit knowledge of this) that the refuse collectors who service my house saw these boxes and mistook them for trash. That seems the most logical explanation of why these boxes are not accessible to us; when, some months later, my nephew, Kamal Alsaidi who started

this unfortunate and wrongful lawsuit requested copies of the leases I made a thorough search of the inside and outside of the house once I was aware that these records were missing and can advise the Court that these records are not in my house and, other than what is set forth in this statement, I have no knowledge of their whereabouts.

_____
ABDO ALSAEDE

Sworn to before me this
22 day of August, 2023

_____
Notary Public

[Notary seal: KELLY C. BUNCE, NOTARY PUBLIC, CUMBERLAND COUNTY, NC, My Commission Expires 03-23-24]

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 14, 2024, a copy of the foregoing **DECLARATION OF DAVID SCOP** was served on all parties of record via CM/ECF.

Dated: October 14, 2024

                                                                                       _____
David Scop
Law office of David Scop, esq.
4318 18th Ave
Brooklyn, NY 11218
[718-437-6155]
mountainofsaberllcreceiver@gmail.com