BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Proposed Counsel to Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

MOUNTAINS OF SABER, LLC,

        Debtor.

Chapter 11

Case No. 24-43693 (JMM)

## OBJECTION TO MOTION FOR ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

The debtor Mountains of Saber, LLC ("Debtor") through counsel, hereby files this objection (the"Objection") to the Motion for Order Directing the Appointment of a Chapter 11 Trustee pursuant to 11 U.S.C. §§ 1104(a) filed by Kamil Alsaidi ("Movant"). The appointment is unnecessary because the Debtor has filed an unopposed application for an Order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the retention of Brooklyn Property Managers Corp. ("BPM") as property manager to the Debtor (the "Application") to manage the property located at 797-815 Stanley Avenue, Brooklyn NY (the "Property"). In further support of the Objection, undersigned respectfully sets forth and alleges the following:

### PRELIMINARY STATEMENT

Movant states that "[t]he grounds for imposing what is admittedly a severe remedy, appointment of a trustee, have already been addressed and found sufficient by the New York State Supreme Court. . .". *See* [ECF Dkt. No. 25]. Respectfully, the state court dispute referred to

at length in the Motion between the cousins Kamal Alsaidi and Ali Alsaidi, ("Ali"), is not relevant to the Court's determination with respect to imposing a chapter 11 trustee on the Debtor at this time. As the Movant notes the receiver Mr. Scop has been in control of the Debtor for some time.

The question the Court needs to address with respect to the relief sought is whether there is cause pursuant to 11 U.S.C. §1104(a)(1) or it is in the best interest of the creditors and equity holders pursuant to 11 U.S.C. §1104(a)(2), to appoint the Chapter 11 trustee. Movant must prove, by clear and convincing evidence, that the appointment of a chapter 11 trustee is warranted. *In re Eurospark Indus.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010)

Movant argues that cause exists under Section 1104(a)(1) based solely on the alleged conduct of Ali. Ali is not the Debtor in this case and these claims have not been decided by the state court. However, in reviewing the Debtor's finances, counsel for the Debtor has employed an independent forensic accountant and has other witnesses who will testify that these claims are specious. Whether or not the Court finds Ali trustworthy, Ali has not been in control of the Debtor since David Scop was appointed as receiver on June 20, 2023. As such, his control over the Debtor is not recent.

Also, Ali has agreed to resign as Chief Restructuring Officer, his resignation will be filed with the Court shortly and the existing managing members will take over management. In another case where a manager accused of misconduct irrevocably relinquished all management authority another bankruptcy court in this Circuit has found it inappropriate to appoint a chapter 11 trustee. *In re 1031 Tax Grp., LLC*, 374 B.R. 78, 81 (Bankr. S.D.N.Y. 2007)

The Motion notably makes no claims that the Debtor has done anything improper after the commencement of the case, nor does the motion suggest that the Debtor is at present

incapable of managing its affairs and successfully reorganizing. "When considering whether to appoint a trustee for cause, a court's focus is on the debtor's current management, not the misdeeds of past management." *Adams v. Marwil (In re Bayou Grp., LLC)*, 564 F.3d 541, 547 n.3 (2d Cir. 2009)(citing *Id.*). Accordingly, the Motion fails to establish cause under Section 1104(a)(1) by clear and convincing evidence.

With respect to Section 1104(a)(2), two of the Debtor's three equity holders are not in favor of appointing a Chapter 11 trustee. This demonstrates that it is in the interest of the equity holders not to appoint a chapter 11 trustee. The "interests" standard of this section requires a finding that appointment of a trustee would be in the interest of essentially all interested constituencies. *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2003 Bankr. LEXIS 2192, at *19 (Bankr. S.D.N.Y. May 16, 2003).

Additionally, in determining whether a §1104 appointment is warranted or in the best interests of creditors, the bankruptcy court must bear in mind that the appointment of a trustee "may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code," by incurring the expenditure of "substantial administrative expenses" caused by further delay in the bankruptcy proceedings. *See Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc. (In re Anchorage Boat Sales, Inc.)*, 4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980); *Adams v. Marwil (In re Bayou Grp., LLC)*, 564 F.3d 541, 546-47 (2d Cir. 2009). The Debtor's managing members have identified the aforementioned independent management company as a cost-effective way to manage the Debtor.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion to appoint a chapter 11 trustee and enter an Order pursuant to 11 U.S.C. §§ 105(a) and 363(b),

authorizing the retention of BPM as the property manager for the Property, and that the Debtor have such other and further relief as the Court may deem appropriate.

Dated: Harrison, NY  By: *H. Bruce Bronson*
      December 2, 2024  H. Bruce Bronson, Esq.