BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Proposed Counsel to Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:

MOUNTAINS OF SABER, LLC,

        Debtor.

Chapter 11

Case No. 24-43693 (JMM)

---

**DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
TO EMPLOY SAFEGUARD REALTY MANAGEMENT, INC.
AS PROPERTY MANAGER FOR THE PROPERTY
<u>LOCATED AT 797-815 STANLEY AVENUE, BROOKLYN, NY</u>**

This application seeks an Order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the retention of Safeguard Realty Management, Inc. ("Safeguard") as property manager to the Debtor (the "Application") to manage the property located at 797-815 Stanley Avenue, Brooklyn NY (the "Property"). In support of the Application, undersigned respectfully sets forth and alleges the following:

### BACKGROUND

1.    On September 5, 2024, the Debtor filed a petition under chapter 11 of the U.S. Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code").

2.    The Debtor owns as its primary asset the Property, which consists of nine commercial rental units located at 797-815 Stanley Avenue, Brooklyn, New York.

3. The Debtor is currently operating the business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case, although up to the filing of this Bankruptcy Case, the Debtor was operating by and through a receiver appointed by the New York State Supreme Court, County of Kings (the "Receiver").

4. The Debtor has sought to remove the Receiver and at the hearings held the Court and the parties have agreed the most effective way to manage the Property, and fulfill its obligations as a debtor in possession, is to retain a professional property management firm with expertise in the management of commercial rental properties in the area in which the Property is located.

5. The Debtor previously filed a motion to appoint a management company, however, the proposed management company was objected to by Kamal Alsaidi on the basis of its "ties" to Ali Alsaede. See objection [ECD Dkt. No.52]

6. Thereafter, undersigned counsel for the Debtor and counsel for Kamal Alsaidi interviewed three other management companies at length and discussed their proposals.

7. After this extensive and diligent search for such a property management firm with the input of counsel for Kamal Alsaidi, the Debtor has identified Safeguard as the property manager best suited to act as property manager for the Property in a cost-effective manner.

8. This application seeks approval to retain Safeguard as the property manager for the Property.

# ARGUMENT

## Jurisdiction and Statutory Predicates

9. The Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

### A Property Manager is Necessary for the Effective Operation of the Property

10. It is standard practice for commercial rental properties to employ a professional property manager. The proposed management agreement proposed herein—annexed hereto as **Exhibit A – Property Management Agreement** (the "Agreement")—provides that Safeguard would assume primary responsibility for all aspects of the Property's operation, including building maintenance; repairs and upkeep; accounting and financial reporting; rent collection; bill payment; vendor management; building registration, documentation and violations; and lease preparation and renewals. *See* Villarrel Aff. ¶ 4. Each of these services is an essential component of the effective-operation of a commercial building, and the Debtor believes that significant value will be added by virtue of the retention of Safeguard pursuant to the proposed Agreement. Such retention is necessary to maximize the value of the Property and preserve the income derived therefrom.

11. The Agreement provides for a monthly management fee of the greater of: (i) $600 or (ii) 5.0% of rents actually collected each month. *See* annexed **Exhibit A – Property Management Agreement** (§ 7.1).[1] The Debtor believes that such fees are reasonable,

---

[1] The Agreement also provides that if it is necessary and the Debtor tasks Safeguard in writing with the responsibility of supervision of any alterations or capital improvements outside of the scope of ordinary repairs for the Property, that Safeguard shall be paid a fee of 10.0% of the total cost of such alterations or improvements. The Debtor does not anticipate a need for this at this time.

necessary, and within the standard range for similarly situated property managers in the geographic region in which the Property is located.

12. The Debtor selected Safeguard because of its significant experience managing commercial properties in Brooklyn, New York and the New York City area. *See, e.g.,* Villarrel Aff. ¶ 6. It is respectfully submitted that Safeguard is qualified to act as the Debtor's property manager for the Property.

### Retention of Brooklyn Property Managers Corp.

13. Bankruptcy Code section 363(b) provides that a debtor, "may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b). Section 105(a) provides that "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts in the Second Circuit have approved the proposed use of estate property where doing so was the exercise of the reasonable business judgment of the Debtor. *See, e.g. Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (holding that a bankruptcy judge determining a § 363(b) application expressly find from the evidence presented at the hearing a good business reason to grant such an application).

14. For example, in *In re Nine W. Holdings, Inc.*, 588 B.R. 678 (Bankr. S.D.N.Y. 2018), the Bankruptcy Court approved the retention of a management consultant firm that was to oversee all aspects of the debtor's day-to-day operations. In that case, the Bankruptcy Court applied the business judgment standard to employ that management consultant under section 363(b), reiterating the presumption that courts not second guess the business judgment of a debtor in making such business decisions. *Id.,* at 692. In the present case, the Debtor has

likewise exercised its business judgment and seeks to retain the services of an experienced property manager, reporting to the Debtor's Chief Restructuring Officer, to manage the day-to-day operations of the Property.

15. Additionally, Safeguard is a disinterested person and has no interests adverse to the estate. *See* Sorensen Aff. ¶ 5. Safeguard is not believed to represent any interest adverse to the Debtor or to its bankruptcy estate and does not have any relationship with the United States Trustee or its staff. *Id.* Safeguard has not previously been retained by the Debtor or in any capacity related to the Property. *Id.*

16. Neither Safeguard nor its employees, agents, salespeople or brokers have received any payment for services to date. By this Application the Debtor seeks to employ Safeguard pursuant to this Court's authorization under section 363(b) of the Bankruptcy Code, with compensation related to such employment to be made pursuant to the terms outlined in the Agreement. To the extent that Safeguard seeks to retain any professional to be compensated by or on behalf of the Debtor, such retention shall be subject to this Court's approval.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order pursuant to 11 U.S.C. §§ 105(a) and 363(b), authorizing the retention of Safeguard as the property manager for the Property, with compensation for such services to be determined pursuant to the proposed Agreement, and that the Debtor have such other relief deemed appropriate.

Dated: Harrison, NY
      February 27, 2025

BRONSON LAW OFFICES, P.C.

By*/s/H.Bruce Bronson*
H. Bruce Bronson Esq.